Mark D. Kremer (SB# 100978)
 *m.kremer@conklelaw.com*
Evan Pitchford (SB# 256536)
 *e.pitchford@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiff American International Industries

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL INDUSTRIES, a California general partnership,<br><br>             Plaintiff,<br><br>      v.<br><br>DARA INC. a California corporation; and DOES 1 to 10, inclusive,<br><br>             Defendant. | CASE No.<br><br>**COMPLAINT FOR:**<br><br>**1.  FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION [15 U.S.C.§ 1125(a)]**<br><br>**2.  STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING [CAL. BUS. AND PROF. CODE §§ 17200 & 17500]**<br><br>**3.  COMMON LAW UNFAIR COMPETITION** |

0067.257\9999

COMPLAINT

Plaintiff American International Industries alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (trademarks), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

2. This Court has personal jurisdiction over Defendant Dara Inc. because Defendant resides in, and does business in, this judicial district.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant Dara Inc. resides in this judicial district, because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendant is subject to the Court's personal jurisdiction with respect to this action under 28 U.S.C. § 1391(c)(2).

**PARTIES**

4. Plaintiff American International Industries ("AII") is a California general partnership with its principal place of business in Los Angeles, California.

5. Defendant Dara Inc. ("Dara") is a California corporation with its principal place of business in Los Angeles, California.

6. On information and belief, there are other individuals and/or entities who make, obtain, distribute, supply, and sell products in violation of law, and violate AII's rights, but AII is ignorant of their true identities or complete roles in the alleged conduct and therefore sues them by the fictitious names DOES 1 to 10. AII is informed

and believes that each of the defendants designated as a Doe is liable in some manner for the acts and omissions, damages, and injuries of which AII alleges in this Complaint. AII will seek to amend this Complaint to state the true identities of Does 1 through 10 when ascertained. Dara and the Doe Defendants are referred to collectively as "Defendants."

7. On information and belief, each of the Defendants was at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants and that in committing the acts and omissions alleged herein and causing the injuries alleged, was acting within the scope of such agency, employment, conspiracy, joint venture or partnership relationship. Defendants have committed acts in furtherance of the conspiracy, have given aid and encouragement to their co-conspirators, and have ratified and adopted the acts of their co-conspirators.

8. On information and belief there exists, and at all times mentioned there existed, a unity of interests and ownership between individual Defendants and business entity defendants such that any individuality and separateness between the individual and businesses never existed or has ceased to exist, and each Defendant is in each instance the alter ego of the other Defendants who control all such entities. To adhere to the fiction of the Defendant entities as having existence as separate and distinct from the individual Defendants or from those with them and who owned and controlled them would permit an abuse of the corporate and other entity privileges, would sanction fraud, and would promote injustice.

## GENERAL ALLEGATIONS

9. AII manufactures and distributes personal care products. Over the years, AII has developed beauty brands and products that are widely recognized. Through its

1  efforts, AII has built goodwill and value such that consumers associate its brands and
2  products with quality and innovation.

4       10.    In or around September 2016, AII discovered that Dara was distributing,
5  offering for sale, and/or selling a nail foil product in packaging that falsely associates
6  the product with American International Industries (the "Accused Product").  On
7  information and belief, all Defendants were manufacturing, distributing, advertising,
8  offering for sale, and/or selling the Accused Product.  An example of the product
9  packaging is displayed in the set of images below.







11.     The packaging lists AII's company name and address without AII's knowledge, authorization, or consent.  The packaging also falsely claims, with misspellings that communicate a lack of professionalism and care for the product, that "HongNuo LSH is a regisstered [*sic*] trademark of American Intmational [*sic*] Industries[.]" Additionally, the packaging improperly bears the registered symbol next to the mark "SKYWEI," falsely indicating that Skywei is a mark that has been registered in the United States Patent and Trademark office.

12.     These statements are blatantly false and misleading.  AII does not manufacture or distribute  this nail foil product.  HongNuo LSH is not a registered trademark of AII.  Skywei is not a registered trademark of AII and is not currently registered in the United States Patent and Trademark Office.  Defendants have not, and have never been, authorized by AII to manufacture, distribute, advertise, offer for sale, and/or sell products bearing AII's name.

13.     On information and belief, Defendants continue to manufacture, distribute, advertise, offer for sale, and/or sell the Accused Product.

# FIRST CLAIM FOR RELIEF

## FOR FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

### (Against All Defendants)

14. AII incorporates and realleges paragraphs 1 through 13 of this Complaint.

15. Defendants' false and misleading statements are likely to cause confusion, to cause mistake, or to deceive the public into believing that the Accused Product is sponsored by, endorsed by, or affiliated with AII. Defendants' false claims with respect to the trademarks used on the Accused Product are likely to cause confusion, to cause mistake, or to deceive the public into believing that AII is sponsoring, endorsing, affiliated with, or making false claims about these trademarks. Such false and misleading statements constitute false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

16. Defendants' distribution and sale of the Accused Product bearing false and misleading statements have a substantial effect on interstate commerce.

17. As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched and have caused injury to AII, including to its business, reputation, and goodwill, in an amount of damages to be proven at trial.

18. AII demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit AII to determine the gains, profits, and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

1   19. AII has no adequate remedy at law. Defendants' acts and omissions will cause damages to AII that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, AII will continue to suffer irreparable harm. Injunctive relief is therefore appropriate to prevent Defendants from engaging in any further unlawful acts of unfair competition.

20. On information and belief, Defendants knowingly, intentionally, and willfully intended to trade on the reputation and goodwill carefully developed by AII, and to cause injury to AII. As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and attorneys' fees should be awarded.

**SECOND CLAIM FOR RELIEF**

**FOR UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500**

**(Against All Defendants)**

21. AII incorporates and realleges paragraphs 1 through 13 of this Complaint.

22. The false and misleading statements wrongfully associate the Accused Product with AII and its reputation for quality personal care products. These statements are likely to deceive consumers into believing the Accused Product is sponsored by, endorsed by, or affiliated with AII.

23. Defendants' false claims with respect to the trademarks used on the Accused Product are likely to cause confusion, to cause mistake, or to deceive the public into believing that AII is sponsoring, endorsing, affiliated with, or making false claims about these trademarks.

24. On information and belief, Defendants willfully misappropriated AII's name in order to trade on the reputation and goodwill carefully developed by AII.

25. Defendants' conduct as alleged constitute unfair competition and false advertising in violation of California Business and Professions Code Sections 17200 *et seq.* and 17500 *et seq.* Defendants have obtained revenue and profit by their unlawful acts and should be ordered to disgorge all such revenue and profit. Defendants will continue such unfair and unlawful business practices unless and until they are restrained.

26. AII has no adequate remedy at law. Defendants' acts and omissions will cause damages to AII that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, AII will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to Business and Professions Code Sections 17200 *et seq.* and 17500 *et seq.* to prevent Defendants from engaging in any further unfair business practices.

## THIRD CLAIM FOR RELIEF
## FOR COMMON LAW UNFAIR COMPETITION
### (Against All Defendants)

27. AII incorporates and realleges paragraphs 1 through 13 of this Complaint.

28. Defendants use unfair business practices to advertise and/or offer for sale the Accused Product in competition with AII. This common law unfair competition includes, but is not limited to, passing off the Accused Product and the trademarks used on the packaging as sponsored by, endorsed by, or affiliated with AII.

29. As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched in an amount according to proof at trial. AII demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit AII to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

30. AII has no adequate remedy at law. Defendants' acts and omissions will cause damages to AII that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, AII will continue to suffer irreparable harm. Injunctive relief is therefore appropriate to prevent Defendants from engaging in any further unlawful acts of unfair competition.

31. On information and belief, Defendants knowingly, intentionally, and willfully intended to trade on the reputation and goodwill carefully developed by AII, and to cause injury to AII. AII should be awarded punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, AII prays for judgment as follows:

1. For preliminary and permanent injunctive relief against all Defendants, and each of them, and their officers, agents, attorneys, representatives and assigns, and all persons acting in active concert or participation with them, from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

(a) Causing a likelihood of confusion, deception, or mistake as to the source, nature, or quality of the Accused Product or of AII's products or brands;

     (b)    Using any false designation of origin or false representation concerning the Accused Product; or

     (c)    Infringing any trademark, trade dress, or other intellectual property right owned or controlled by AII;

2.    For an order directing Defendants, and each of them, to file with this Court and serve on AII within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.    For an order requiring Defendants, and each of them, to deliver to AII all products, packaging, literature, advertising, and any other materials bearing false or misleading statements in association with AII;

4.    For an order requiring Defendants, and each of them, to account for all sales and transfers of the Accused Product;

5.    For an accounting from each Defendant of all profits, monies, and advantages that Defendants have obtained by reason of their wrongful conduct;

6.    For damages in an amount according to proof at trial;

7.    For an order requiring that all gains, profits, or advantages derived by Defendants by their wrongful conduct be disgorged to AII to the fullest extent allowed by law;

8. For punitive and exemplary damages in an amount sufficient to punish Defendants and deter such conduct;

9. For attorneys' fees;

10. For costs; and

11. For such other and further relief as the Court deems just and proper.

Dated: November 1, 2016

Respectfully submitted,

Mark D. Kremer
Evan Pitchford, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: */s/ Evan Pitchford*
Evan Pitchford
Attorneys for American International Industries